## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CORINA ROMERO** | * | **CA NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **DOLGENCORP, LLC d/b/a DOLLAR GENERAL and DG LOUISIANA, LLC** | * | **MAGISTRATE JUDGE:** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**TO:** The Honorable Judges of the
United States District Court for the
Western District of Louisiana

**NOW INTO COURT**, through undersigned counsel, come defendants, DG Louisiana, LLC and Dolgencorp, LLC d/b/a Dollar General, in the Petition for Damages; and hereinafter referred to as ("Dollar General"), who hereby file this Notice of Removal of the above-captioned civil action pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446, and hereby removes this matter to the United States District Court for the Western District of Louisiana based on diversity jurisdiction, 28 U.S.C. §1332 and avers as follows:

**I.**

Plaintiff, Corina Romero, a person of the age of majority and domiciled the Parish of St. Vermillion, State of Louisiana who, according to her Petition for Damages, suffered injuries and damages on or about August 25, 2019, as a result of a slip and fall at the Dollar General.[1]

**II.**

On August 25, 2020, plaintiff filed suit against DG Louisiana, LLC and Dolgencorp, LLC d/b/a Dollar General, in the 15th Judicial District Court for the Parish of Vermillion, State of

---

[1] *See,* Petition for Damages, attached hereto as Exhibit "1".

Louisiana, alleging injuries and damages following a slip and fall outside of the Dollar General Store located in Abbeville, Louisiana.[2]  The Civil Action Number is 108528, Section "A" and is entitled "*Cornia Romero v. Dolgencorp, LLC d/b/a Dollar General and DG Louisiana, LLC*".

## BASIS FOR REMOVAL

### III.

Dollar General was served with the Petition for Damages on September 3, 2020. Removal is proper because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332.

## COMPLETE DIVERSITY BETWEEN THE PARTIES

### IV.

Removal is proper because there is complete diversity between the parties.  28 U.S.C. §1332(a).

1. Plaintiff, Cornia Romero, is a citizen of Louisiana;[3]
2. DG Louisiana, LLC, Dolgencorp, LLC d/b/a Dollar General, is a single member foreign limited liability company. The sole member of DG Louisiana, LLC is Dollar General Corporation.  Dollar General Corporation is incorporated in the State of Tennessee, and has its principal place of business in the State of Tennessee. Thus, DG Louisiana, LLC is, in turn, a citizen of the State of Tennessee.

## AMOUNT IN CONTROVERSY

### V.

Additionally, Removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

---

[2] Id.
[3] *See*, Exhibit "1".

In order to determine what amount is "in controversy," courts ordinarily refer to the state court petition. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Louisiana law mandates that a plaintiff not petition for a specific monetary amount. La. C.C.P. Art. 893(A)(1). However, La. C.C.P. Article 893 does require "that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount *is required*," which plaintiff failed to do in this case. (Emphasis added).

## VI.

Defendants must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs; however, defendants are not required "to prove to a legal certainty" that the plaintiff will recover more than the jurisdictional amount. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995). Instead, defendants need to prove only that the plaintiff, more likely than not, could recover more than the jurisdictional amount.

Case law has provided guidance as to what types of proof may be offered in order for a removing party to meet the preponderance standard. For example, a court can determine that removal was proper if it is "facially apparent" that the claims are likely above the required jurisdictional amount. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir. 1993). This test is performed by referencing the petition and making a determination of whether the claims meet or exceed the jurisdictional amount. Also, a removing attorney may support federal jurisdiction by setting forth facts in controversy that support a finding of the required amount in controversy. *Garza v. Bettcher Indus. Inc.,* 752 F. Supp. 753, 763 (E.D. Mich. 1990).

## VII.

Plaintiff, Corina Romero, alleges that she suffered severe and disabling injuries including, but not limited to, her neck, back, and hip, and that she is entitled to the following damages as a result of the incident at issue:

1. Physical pain and suffering – past, present, and future;

2. Medical expenses – past, present, and future;

3. Past, present, and future mental pain and anguish and distress;

4. Loss wages – past, present, and future;

5. Disability – past, present, and future;

6. Impairment of earning capacity – past, present, and future;

7. Loss of enjoyment of life – past, present, and future; and

8. Other elements of damages to be more fully set forth at trial.

On or about April 20, 2020, plaintiff sent Dollar General a pre-suit demand in the amount of $165,000.00.[4]  In the letter, counsel indicated that the medical bills from the date of the accident, August 15, 2019 to April 20, 2020 total $16,865.00.  This includes a fracture of her right hip and unspecified injuries to her back.

Cases support a potential award of $75,000.00, based upon the injuries described in the Petition for Damages.

> $115,000 – *Delafield v. Travelers Indem. Co. of Ill, et al.,* 1990 WL 466788, First Judicial District, Parish of Caddo (1990): An 83-year-old female sustained a hip fracture resulting in permanent disability when she fell after being struck by the defendant's large Rottweiler dog.

---

[4] *See,* correspondence from plaintiff's counsel to defendants' counsel dated April 20, 2020, attached hereto as Exhibit "2".

4

> $463,702 – *Mitchell v. Clark Equipment Co.,* 1990 WL 640719, Twenty-ninth Judicial District, Parish of St. Charles, (1990): Plaintiff, a 37-year-old welder, was injured when the forklift he was using to tow a portable gasoline arc welding machine tipped over. The forklift's roll cage landed on plaintiff's arm, pelvis, and back, resulting in multiple fractures and residual hip and back pain which now limits him to sedentary jobs.

Based on the foregoing, it is more likely than not that the amount in controversy for plaintiff's claim is in excess of $75,000.00, exclusive of interest and costs.

### VIII.

Once the defendants have met their burden of proving that the claim, more likely than not, exceeds $75,000.00, the plaintiff can only defeat removal by proving "to a legal certainty" that the claim will not exceed $75,000.00. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995). In *De Aguilar*, the Court held that, in the absence of a prayer for less than the jurisdictional amount and a state statute prohibiting an increase in the amount initially prayed for, to establish "legal certainty" that a claim does not meet or exceed the requisite jurisdictional amount, a litigant who wants to prevent removal must file a binding stipulation or affidavit <u>with</u> their complaint. *De Aguilar v. Boeing Co.*, 47 F.3d at 412. Once defendants have removed the case *St. Paul* makes later filings irrelevant, *De Aguilar v. Boeing Co.*, 47 F.3d at 412 (referencing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L. Ed. 845 (1938); and citing, *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992). (Emphasis Added). In this case, plaintiff has not and will not file a binding stipulation.

### IX.

Further citing *St. Paul Mercury,* the *De Aguilar* Court noted that "[i]n order for a federal court to decline jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *De Aguilar*, 47 F.2d at 1409.

**X.**

Defendants, DG Louisiana, LLC and Dolgencorp, LLC d/b/a Dollar General, were served with the Petition for Damages on September 3, 2020. Pursuant to 28 U.S.C. §1446(b)(2)(c), removal is proper and timely because it is taking place within 30 days of service on defendants, DG Louisiana, LLC and Dolgencorp, LLC d/b/a Dollar General. Additionally, there are no other defendants in the case. Thus, the "rule of unanimity" has been satisfied.

**XI.**

On or about September 10, 2020, counsel for defendants, DG Louisiana, LLC and Dolgencorp, LLC d/b/a Dollar General, sent a letter to plaintiff's counsel requesting that plaintiff sign an attached Stipulation that no such damages at issue, exclusive of costs and interest are in excess of $75,000.00 and that plaintiff will not execute any such judgment in excess of $75,000.00.[5] Plaintiff did not execute the Stipulation, thus declining to agree that the amount in controversy was less than $75,000.00.

**XII.**

Additionally, on September 11, 2020, plaintiff's counsel sent the aforementioned settlement demand, previously sent directly to Dollar General via email to undersigned counsel, reiterating their demand of $165,000.00 in full and final settlement of the case. The Stipulation was not signed.[6]

**XIII.**

All defendants who have been properly served consent to the removal of this case to federal court.

---

[5] *See,* the letter dated September 10, 2020, with the attached Stipulation, attached hereto *in globo* as Exhibit "3".
[6] *See,* email from plaintiff's counsel to undersigned counsel dated September 11, 2020 and attached settlement demand, attached hereto *in globo* as Exhibit "4".

## XIV.

The above-captioned civil action is therefore removal to this United States District Court pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446.

## XV.

Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this notice as required by 28 U.S.C. §1446(a).

## XVI.

Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

## XVII.

This action is removable under and by virtue of the acts of Congress of the United States and the defendants desire to remove it to this Court.

Accordingly, defendants, DG Louisiana, LLC and Dolgencorp, LLC d/b/a Dollar General ask that the above-captioned action be removed to this Court, the United States District Court for the Western District of Louisiana, in accordance with the provisions of 28 U.S.C. §1441, *et seq.*

| **CERTIFICATE OF SERVICE** | Respectfully Submitted: |
|---|---|
| I do hereby certify that I have on this the 29th day of September 2020, served a copy of the foregoing pleading on counsel for all parties to this proceeding by electronic filing, e-mailing, faxing, or mailing same by United States mail, properly addressed and first class postage prepaid.<br><br>_____/s/ Anne E. Medo_____ | **DEUTSCH KERRIGAN, LLP**<br><br>BY: __/s/ Anne E. Medo_____<br>**SEAN P. MOUNT, #27584**<br>**ANNE E. MEDO, #24556**<br>**BRYCE M. ADDISON, #36345**<br>755 Magazine Street<br>New Orleans, LA 70130<br>Telephone: 504-581-5141<br>**Attorneys for defendants, DG Louisiana, LLC and Dolgencorp, LLC d/b/a Dollar General** |